UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM RICHARD IVERSON,<br><br>       Plaintiff,<br><br>       v.<br><br>STATE OF MINNESOTA, ATTORNEY GENERAL STATE OF MINNESOTA, MINNESOTA DEPARTMENT OF HUMAN SERVICES, UNITED STATES OF AMERICA - PRESIDENT, Doctor LORI SILLS, Doctor ANDERSON, CHAD PORTNER, SCOTT SHELLEY, DAVID S. PROFFITT, WILLIAM GALLAGHER, Doctor JEFFREY HAUN, THAD SHUNKWILER, THANHSON NGUYEN-KELLY, JULIE ROEHM, Doctor EMBURY, RICHARD HOFFMAN, JOHN RAUENHORST, GORDON LARSON, KRISTIN DEHRKOOP, ALAN Q. RADKE, JENNIFER SERVICE, ALL OR ANY OTHER GOVERNMENTAL OFFICIALS WHOM HAVE MISLEAD INVESTIGATION OF MALTREATMENT, ETC., and PRESIDENT OF THE UNITED STATES OF AMERICA – EXECUTIVE – LEGISLATIVE – JUDICIAL BRANCHES OF GOVERNMENT AND/OR ALLIES WHOM EXIST THAT THWART THE PROGRESS OF MENTAL ILLNESS OF PATIENTS CONFINED IN THEIR TERRITORIES AND/OR COUNTRIES,<br><br>       Defendants. | Civil No. 12-949 (DSD/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation

under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is a patient at the St. Peter Regional Treatment Center in St. Peter, Minnesota, ("SPRTC"). He was civilly committed to that facility after being found to be "Mentally Ill and Dangerous" under Minnesota law. See In re Civil Commitment of Iverson, No. A09-638, (Minn.App. 2009), 2009 WL 2447507 (unpublished opinion), rev. denied, (Oct. 20, 2009).

Plaintiff is presently attempting to sue more than a dozen employees of the Minnesota Department of Human Services who work at SPRTC. He is also attempting to sue various other state and federal officials, including the President of the United States.

It is readily apparent that Plaintiff is dissatisfied with many aspects of his confinement at SPRTC. In particular, Plaintiff appears to be unhappy about certain medications that are being administered to him. He also appears to be unhappy about the manner in which he and other patients at SPRTC are being treated by the staff at that institution. However, it is impossible to ascertain the true genesis and true objective of Plaintiff's lawsuit, because most of his complaint is simply incomprehensible.

The caption of Plaintiff's complaint refers to 42 U.S.C. § 1983, which indicates that he is attempting to sue the named Defendants for allegedly violating his federal constitutional rights. However, the complaint does not identify any specific constitutional basis for Plaintiff's lawsuit. Furthermore, the complaint does not clearly describe any specific acts or omissions by any of the named Defendants that could be viewed as a violation of Plaintiff's federal constitutional rights. See Iqbal, 556 U.S. at 676 (in a federal civil rights action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (emphasis added).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current complaint fails to state an actionable claim for relief. Plaintiff has not described any specific occasions when

clearly identified individual Defendants performed (or failed to perform) some particular action that violated a readily cognizable requirement of the federal Constitution. Therefore, Plaintiff has failed to plead an actionable § 1983 claim.

Because Plaintiff's complaint does not allege sufficient facts to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having determined that this action must be summarily dismissed because of Plaintiff's failure to plead an actionable claim for relief, the Court will further recommend that Plaintiff's pending motion for a temporary restraining order, (Docket No. 3), be summarily denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED;

2. Plaintiff's motion for a temporary restraining order, (Docket No. 3), be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 9, 2012

s/ Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 23, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs

filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.